1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

VICENTE LOPEZ,

             Plaintiff,

      v.

WELLS FARGO BANK, N.A., et al.,

             Defendants.

Case No.  5:15-cv-04232-EJD

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Re: Dkt. No. 15

        Plaintiff Vicente Lopez ("Plaintiff") filed the instant action against Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Cal-Western Reconveyance, LLC (collectively, "Defendants") after his property was scheduled for a foreclosure sale.  Wells Fargo now moves to dismiss Plaintiff's First Amended Complaint ("FAC") in its entirety.  See Docket Item No. 15. Plaintiff opposes the motion.  See Docket Item No. 17.

        According to the Notice of Removal, federal jurisdiction arises pursuant to 28 U.S.C. § 1332.  Having carefully considered the parties' arguments, the court has determined that all of Plaintiff's state-law claims are preempted by federal law.  Thus, Wells Fargo's Motion to Dismiss will be granted and the claims will be dismissed without leave to amend for the reasons explained below.

**I.    BACKGROUND**

        On August 17, 2006, Plaintiff obtained an adjustable rate "Pick-a-Payment" mortgage loan for $510,000 from World Savings Bank, FSB in order to purchase real property located in San Jose, California.  See Request for Judicial Notice ("RJN"), Docket Item No. 16, at Ex. 1; see also FAC, Docket Item No. 13, at ¶ 12.  The Mortgage Note evidencing the loan was used to secure a

1

Case No.: 5:15-cv-04232-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

1   Deed of Trust recorded on September 7, 2005.  See RJN, at Ex. 2.

2   "World Savings Bank, FSB eventually became part of Wells Fargo through a name change

3   and then a merger."  Martinez v. Wells Fargo Bank, N.A., No. 5:13-cv-05597 EJD, 2014 U.S.

4   Dist. LEXIS 53924, at *2 n.2, 2014 WL 1572689 (N.D. Cal. Apr. 17, 2014); see RJN, at Exs. 3-7.

5   On November 5, 2014, Wells Fargo requested that Cal-Western record a Notice of Default against

6   the San Jose property.  See FAC, at ¶ 13.  The Notice of Default indicates that Plaintiff owed

7   $155,915.42 as of the date of recording.  See RJN, at Ex. 8.  Plaintiff alleges the Notice of Default

8   was recorded "without complying with the requirements of California Homeowner's Bill of Rights

9   codified in California Civil Code sections 2923.55 et seq."  See FAC, at ¶ 13.

10   A Notice of Trustee's Sale was recorded on August 14, 2015, and a foreclosure sale was

11   scheduled for September 22, 2015.  See FAC, at ¶ 14; see also RJN, at Ex. 9.  Plaintiff alleges the

12   sale was postponed to October 27, 2015, and that prior to the sale, he submitted a complete loan

13   modification package to Wells Fargo due to changes in his income.  See FAC, at ¶¶ 14, 36.

14   According to Plaintiff, Wells Fargo failed to review his loan modification package and did not

15   make a written determination of his eligibility for a modification.  Id. at ¶¶ 36, 37.

16   Plaintiff filed his original complaint in Santa Clara County Superior Court on September

17   17, 2015.  Post-removal, Plaintiff filed the FAC on October 15, 2015.  He asserts four claims: (1)

18   violation of California Civil Code § 2923.55, (2) violation of California Civil Code § 2923.6, (3)

19   violation of California Civil Code § 2924.17; and violation of the Unfair Competition Law

20   ("UCL"), California Business and Professions Code § 17200.

21   **II.   LEGAL STANDARD**

22   Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient

23   specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which

24   it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A

25   complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim

26   upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is

27   appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1    a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th

2    Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the

3    speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

4    When deciding whether to grant a motion to dismiss, the court generally "may not consider any

5    material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542,

6    1555 n. 19 (9th Cir. 1990). However, the court may consider material submitted as part of the

7    complaint or relied upon in the complaint, and may also consider material subject to judicial

8    notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

9         In addition, the court must generally accept as true all "well-pleaded factual allegations."

10   Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the

11   light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988).

12   However, "courts are not bound to accept as true a legal conclusion couched as a factual

13   allegation." Iqbal, 556 U.S. at 678.

14   **III.    DISCUSSION**

15        **A.    Claims under California's Foreclosure Statutes**

16        Through his first three claims, Plaintiff contends that Defendants failed to comply with the

17   statutory requirements applicable to non-judicial foreclosures in California. Generally, Civil Code

18   § 2923.55 requires that a mortgage servicer provide certain disclosures and to contact a

19   homeowner before recording a Notice of Default. Civil Code § 2923.6 seeks to prevent "dual

20   tracking" by obligating a mortgage servicer to consider and decide a pending loan modification

21   application before initiating the foreclosure process. Furthermore, Civil Code § 2924.17 requires

22   mortgage servicers to review "competent and reliable evidence" to ensure its right to foreclose on

23   a property.

24        Wells Fargo argues these claims must be dismissed because the underlying statutes are

25   preempted by the Home Owners' Loan Act of 1933 ("HOLA"), 12 U.S.C. § 1461 et seq. The

26   court agrees.

27        The federal preemption doctrine stems from the Supremacy Clause, U.S. Const. art. VI, cl.

28
                                                    3
     Case No.: 5:15-cv-04232-EJD
     ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1    2, and the "fundamental principle of the Constitution [ ] that Congress has the power to preempt

2    state law." Crosby v. Nat'l Foreign Trade Council, 530 U.S. 363, 372 (2000).

3              Generally, "[p]reemption analysis 'start[s] with the assumption that the historic police

4    powers of the States were not to be superseded by the Federal Act unless that was the clear and

5    manifest purpose of Congress.'" City of Columbus v. Ours Garage & Wrecking Service, Inc., 536

6    U.S. 424, 438 (2002) (quoting Medtronic, Inc. v. Lohr, 518 U.S. 470, 485 (1996)). Congressional

7    intent is therefore the "ultimate touchstone" of a preemption inquiry. Medtronic, 518 U.S. at 485.

8    Such intent may be "explicitly stated in the statute's language or implicitly contained in its

9    structure and purpose." Fidelity Federal Sav. & Loan Ass'n v. de la Cuesta, 458 U.S. 141, 152-53

10   (1982). State law may also be preempted by federal regulations. Id. at 153. "Where Congress has

11   directed an administrator to exercise his discretion, his judgments are subject to judicial review

12   only to determine whether he has exceeded his statutory authority or acted arbitrarily." Id. If

13   these conditions are met, "the statutorily authorized regulations of an agency will pre-empt any

14   state or local law that conflicts with such regulations or frustrates the purposes thereof." New

15   York v. Fed. Commc'ns Comm'n, 486 U.S. 57, 64 (1988).

16             There are times when the traditional presumption against preemption does not apply.

17   Indeed, the presumption is "not triggered when the State regulates in an area where there has been

18   a history of significant federal presence." United States v. Locke, 529 U.S. 89, 108 (2000). As

19   relevant here, "Congress has legislated in the field of banking from the days of McCulloch v.

20   Maryland, 17 U.S. 316, 325-26 (1819), creating an extensive federal statutory and regulatory

21   scheme." Bank of Am. v. City & Cnty. of San Francisco, 309 F.3d 551, 558 (9th Cir. 2002).

22   HOLA was enacted "to charter savings associations under federal law, at a time when record

23   numbers of home loans were in default and a staggering number of state-chartered savings

24   associations were insolvent." Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1004 (9th Cir.

25   2008). One of HOLA's central purposes was to restore public confidence in the banking system

26   by consolidating the regulation of savings and loan associations with the federal government. Id.

27   To achieve this purpose, Congress authorized the Office of Thrift Supervision ("OTS") to

28
                                                      4
     Case No.: 5:15-cv-04232-EJD
     ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1    promulgate regulations governing federal savings associations.  12 U.S.C. § 1464; <u>Silvas</u>, 514

2    F.3d at 1005.  OTS occupies the entire field in that regard. 12 C.F.R. § 560.2(a).

3    　　　HOLA's implementing regulations set forth a list, "without limitation," of the categories of

4    state laws that are expressly preempted, including those that attempt regulate the following:

5    　　　　　The terms of credit, including amortization of loans and the deferral
　　　　　and capitalization of interest and adjustments to the interest rate,
6    　　　　　balance, payments due, or term to maturity of the loan, including the
　　　　　circumstances under which a loan may be called due and payable
7    　　　　　upon the passage of time or a specified event external to the loan.

8    　　　　　　　　　　　　　　　. . .

9    　　　　　Disclosure and advertising, including laws requiring specific
　　　　　statements, information, or other content to be included in credit
10   　　　　　application forms, credit solicitations, billing statements, credit
　　　　　contracts, or other credit-related documents and laws requiring
11   　　　　　creditors to supply copies of credit reports to borrowers or
　　　　　applicants;

12   　　　　　　　　　　　　　　　. . .

13
14   　　　　　Processing, origination, servicing, sale or purchase of, or investment
　　　　　or participation in, mortgages. . .

15   12 C.F.R. § 560.2(b)(4), (b)(9)-(10).

16   　　　Although HOLA and its related regulations have been described as "so pervasive as to

17   leave no room for state regulatory control," state laws may nonetheless survive a preemption claim

18   in limited circumstances.  <u>Conference of Fed. Sav. & Loan Ass'ns v. Stein</u>, 604 F.2d 1256, 1260

19   (9th Cir. 1979).  Those state laws which "only *incidentally* affect the lending operations of Federal

20   savings associations or are otherwise consistent with the purposes of" the regulations may not be

21   preempted.  12 C.F.R. § 560.2(c) (emphasis added).

22   　　　Here, the record shows that Plaintiff obtained a home loan in 2005 from a federal savings

23   bank - World Savings - and agreed the terms of the loan would "be governed by and construed

24   under federal law and federal rules and regulations including those for federally chartered savings

25   institutions . . . ."  <u>See</u> RJN, at Ex. 1.  Thus, while Wells Fargo, the current loan servicer and

26   beneficiary, is not subject to HOLA as a national banking association, "[s]everal district courts

27   have recognized that, where a loan agreement expressly incorporates federal regulations governing

28
Case No.: 5:15-cv-04232-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

federal savings associations, those regulations apply to the conduct of a successor to the agreement, even where the successor is not a federal savings association." Metzger v. Wells Fargo Bank, N.A., No. LA CV14-00526 JAK (SSx), 2014 U.S. Dist. LEXIS 59427, at *13, 2014 WL 1689278 (C.D. Cal. Apr. 28, 2014).  This court is one that has made such an observation.  See Kenery v. Wells Fargo, N.A., No. 5:13-CV-02411-EJD, 2014 U.S. Dist. LEXIS 4672, at *9-11, 2014 WL 129262 (N.D. Cal. Jan. 14, 2014).  "Therefore, state claims alleging that Wells Fargo engaged in wrongdoing in connection with servicing Plaintiff's loan are subject to HOLA preemption if they are the types of state laws HOLA was designed to preempt." Zappia v. World Savings F.S.B., NO. 14cv1428 WQH (DHB), 2015 U.S. Dist. LEXIS 172628, at *19-20, 2015 WL 9473641 (S.D. Cal. Dec. 28, 2015).

Plaintiff's first three claims are based on state laws that are preempted by HOLA because they do more than "incidentally affect" lending.  Under § 2923.55, Plaintiff alleges that Defendants failed to contact him and failed to provide him the requisite statements.  But "[b]ecause Section 2923.5 is a state law that attempts to regulate federal savings banks and their lending and servicing activities, it is exactly the sort of statute that is proscribed by the HOLA." Williams v. Wells Fargo Bank, N.A., No. SA CV 13-0303-DOC (MLGx), 2013 U.S. Dist. LEXIS 68615, at *8, 2013 WL 2047000 (C.D. Cal., May 13, 2013).

The same is true of § 2923.6, which Plaintiff alleges Defendants violated by initiating foreclosure proceedings without first reviewing his application for a loan modification.  "Federal courts have held that claims for violations of Cal. Civ. Code. §[] 2923.6 . . . are preempted by HOLA." Thomas v. Wells Fargo Bank, N.A., No. 3:15-cv-02344-GPC-JMA, 2016 U.S. Dist. LEXIS 4943, at *14, 2016 WL 184405 (S.D. Cal. Jan 14, 2016); Metzger, 2014 U.S. Dist. LEXIS 59427, at *17 ("'[C]laims for violations of § 2923.6 are preempted by HOLA' because they implicate the 'processing' and 'servicing' of mortgages.").

In addition, Plaintiff cannot assert a claim under § 2924.17 based on an alleged false declaration attached to the Notice of Default.  That statute "is preempted because it imposes requirements on the processing and servicing of mortgages." Kenery, 2014 U.S. Dist. LEXIS

1      4672, at *12.

2           The court concludes that Plaintiff cannot state viable claims for violations of §§ 2923.55,

3      2923.6, and 2924.17 because the requirements of those statutes are preempted by HOLA when, as

4      here, the underlying loan was issued by a federal savings bank.  Plaintiff's arguments to the

5      contrary are unpersuasive.  Accordingly, the first three claims asserted in the FAC will be

6      dismissed without leave to amend because allowing for amendment would be futile.

7           **B.     Claim under the UCL**

8           What remains is the UCL claim.  Plaintiff alleges Defendants violated the UCL by (1)

9      assessing "improper and/or excessive late fees" and attempting to collect other types of illegal fees

10     (2) improperly characterizing Plaintiff's account as in default, (3) and initiating the foreclosure

11     process without complying with the non-judicial foreclosure statutory scheme, including §

12     2923.55.

13          The UCL proscribes three varieties of competition: "acts or practices which are unlawful,

14     or unfair, or fraudulent."  Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 618-19

15     (1993).  The UCL "borrows" violations of other laws and treats them as unfair business practices

16     under the unlawful prong, and also "makes clear that a practice may be deemed unfair even if not

17     specifically proscribed by some other law."  Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,

18     20 Cal. 4th 163, 187 (1999).  Although it is a law of general applicability, it is not immune to

19     HOLA preemption if, as applied, it acts like one of the state laws contemplated by 12 C.F.R. §

20     560.2(b).  Silvas, 514 F.3d at 1006; Gabali v. Onewest Bank, No. 5:12-cv-02901 EJD, 2013 U.S.

21     Dist. LEXIS 47193, at *27, 2013 WL 10208351 (N.D. Cal. Mar. 29, 2013).

22          As applied, Plaintiff's UCL claim is rather obviously preempted by HOLA.  He cannot

23     state a UCL claim based on violations of the state's foreclosure statutes because, as explained, the

24     requirements of those statutes are preempted.   Moreover, the remaining conduct alleged -

25     including the assessment of fees and the determination of a default - concerns the "processing,

26     origination, servicing, sale or purchase of, or investment or participation in, mortgages," which are

27     matters explicitly listed in 12 C.F.R. § 560.2(b)(10).  As such, much like its predecessors, this

United States District Court
Northern District of California

28

7

Case No.: 5:15-cv-04232-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1   claim will also be dismissed without leave to amend.

2   **IV.    ORDER**

3        Based on the foregoing, Wells Fargo's Motion to Dismiss (Docket Item No. 15) is

4   GRANTED.  All of the claims asserted in the FAC are DISMISSED WITHOUT LEAVE TO

5   AMEND.

6        The hearing and Case Management Conference scheduled for January 28, 2016, are

7   VACATED.  Judgment will be entered in favor of Defendants and the Clerk shall close this file.

8

9        **IT IS SO ORDERED.**

10  Dated:  January 25, 2016

11  _____
    EDWARD J. DAVILA

12  United States District Judge

Case No.: 5:15-cv-04232-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California